HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KULVINDER SINGH,

                Plaintiff,

   v.

U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,

            Defendant.

CASE NO. C12-5474 RAJ

ORDER

      This matter comes before the court on a second joint motion to seal.  Dkt. # 28.
On May 30, 2013, the parties filed a joint motion to seal defendant's original motion for
summary judgment.  Dkt. # 27.  The court's law clerk emailed counsel for the parties and
indicated that it was unclear to the court whether the parties intended the original motion
to be sealed in its entirety since other motions that had been filed under seal were also
partially sealed and restricted to case participants and public terminals.  The court's law
clerk also indicated that the motion did not comply with Local Rule ("LR") 5(g).
Counsel for defendant then asked the court's law clerk whether the motion could simply
be removed from the docket, rather than filing a new motion to seal.

The current joint motion also does not comply with LR 5(g), which requires in relevant part:

> (3) A motion to seal a document, even if it is a stipulated motion, must include the following:
> (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;
> (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary.
>
> * * *
>
> (5) Only in rare circumstances should a party file a motion, opposition, or reply under seal. . . .

Here, the "certification" does not list the date or manner of the conference, and the parties have not indicated why the motion, as opposed to just the exhibits, should be sealed in its entirety. The court recognizes that this order may seem hyper-technical to the parties. However, given the notice this court's law clerk gave to the parties about complying with LR 5(g) specifically, and counsel's seemingly flippant response to the court's request to follow this District's local rules, the court has decided to strictly enforce the local rules in this matter. The court expects the parties to review and abide by this District's local rules.

For all the foregoing reasons, the court DENIES the parties' second stipulated motion to seal defendant's original motion for summary judgment. Nevertheless, the court recognizes that sensitive information of the plaintiff may be currently available at public terminals. Accordingly, the court ORDERS the clerk to SEAL Dkt. # 23-1 in its entirety in the meantime. The parties are ORDERED to file a stipulated motion to seal that complies with this District's local rules within seven days of this order.

ORDER- 2

1   Dated this 5th day of June, 2013.

2

3

4

5   The Honorable Richard A. Jones
    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 3