HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KULVINDER SINGH,

    Plaintiff,

v.

U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,

    Defendant.

CASE NO. C12-5474 RAJ

ORDER

This matter comes before the court on a plaintiff's motion for temporary restraining order ("TRO") against defendant U.S. Citizenship and Immigration Services ("USCIS") and non-parties Immigration and Customs Enforcement ("ICE") and the Department of Homeland Security ("DHS") "prohibiting Mr. Singh's removal from the United States[.]" Dkt. # 40 at 2-3. Plaintiff Kulvinder Singh filed suit on May 31, 2012, against USCIS pursuant to the Administrative Procedures Act seeking a review of USCIS's April 17, 2012 decision, and requesting a finding that defendant USCIS does not have jurisdiction to adjudicate Mr. Singh's application for permanent resident status based upon his long-standing marriage to a U.S. citizen. Dkt. # 1 at 1-2.

Mr. Singh argues that his request for a TRO is not a request to review the decision to execute a removal order, other than the fact that the execution of the removal order

will render the substance of his claim for adjustment of status moot. Dkt. # 40 at 3. However, the request to prohibit defendant USCIS and non-parties ICE and DHS from removing Mr. Singh from the United States is effectively a request to halt the execution of a final order of removal. This court does not have jurisdiction to halt the execution of a final order of removal that arises from an action or a proceeding brought in connection with Mr. Singh's removal, or from a decision or action to execute removal orders against him. *See* 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), 1252(g); *Beskurt v. Dep't of Homeland Security*, Case No. C11-1169 MJP, 2011 WL 5877768, *2 (W.D. Wash. Oct. 7, 2011). Additionally, 8 U.S.C. § 1252(a)(5) prohibits Administrative Procedure Act claims that indirectly challenge a removal order. *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012). Mr. Singh does not make a general collateral challenge to unconstitutional practices of any agency or proceed pursuant to a section 2241 habeas petition. *See Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (district court had jurisdiction to hear claims regarding constitutional violations in the context of the document fraud proceedings, and therefore could enjoin deportation); *Barapind v. Reno*, 225 F.3d 1100, 1110 (9th Cir. 2000) (Section 1252(g) does not preclude the federal courts from exercising jurisdiction over plaintiff's section 2241 habeas petition). Rather, he effectively requests a stay of removal pending the court's adjudication of adjustment of status case. The court finds that it lacks jurisdiction to enjoin defendant USCIS and non-parties ICE and DHS from staying the removal order until this court adjudicates this case.

For all the foregoing reasons, Mr. Singh's motion for temporary restraining order is DENIED.

Dated this 27th day of December, 2013.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 2