HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KULVINDER SINGH,

  Plaintiff,

    v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

  Defendant.

CASE NO. C12-5474RAJ

ORDER

## I. INTRODUCTION

 This matter comes before the court on cross-motions for summary judgment. Dkt. ## 22 & 24. Mr. Singh challenges the April 17, 2012 denial of his application for adjustment of status. The United States Citizenship and Immigrations Services ("USCIS") argues that the denial was proper because USCIS lacked jurisdiction over Singh's application because he was in removal proceedings and has a pending removal order against him. Mr. Singh argues that, as an "arriving alien," USCIS has jurisdiction to adjudicate his adjustment of status application.

## II. BACKGROUND

Singh is a native and citizen of India. Cert. Admin. Record[1] Part 1 of 4, L246. Mr. Singh filed an application for asylum on May 15, 1996, in which he claimed that he entered the United States near San Ysidro, California on September 20, 1995 without inspection.[2] *Id.* at L246, L239. The Immigration Judge ("IJ") denied that application, as well as Singh's renewed application for asylum and withholding of removal, but granted voluntary departure before August 10, 1998. Part 2 of 4, L43-L21. In April 2002, the Board of Immigration Appeals ("Board") dismissed Mr. Singh's substantive appeal of the IJ's ruling, and declined to remand to consider relief under the Convention Against Torture. Part 3 of 4, R784-82.

In November 1997, Singh married a lawful permanent resident of the United States at the time, Kamaljit Kaur (Part 1 of 4 L84), and Ms. Kaur filed an I-130 petition on Mr. Singh's behalf, which was approved (*Id.* L98).[3] The petition reflected Singh's entry into the United States without having been inspected or paroled. *Id.* In May 2003, Ms. Kaur was naturalized as a United States citizen, and an immigrant visa became available to Mr. Singh to adjust his status. *Id.* L503-500. In January 2005, Mr. Singh filed an application for adjustment of status to lawful permanent resident with the IJ. *Id.* In the application, Mr. Singh indicated that he entered the United States in New York, was inspected by a U.S. immigration officer, and did not know the type of visa.[4] *Id.* L502. Mr. Singh also filed an Application for Waiver of Ground of Excludability, in which he admitted that he committed misrepresentation regarding his time of entry to the

---

[1] All factual citations in this order are to the Certified Administrative Record.
[2] Mr. Singh's application for asylum indicates that he entered the United States without any legal status. *Id.*
[3] The court has been unable to locate the initial petition filed in 1998. However, the second petition indicates that the prior petition filed in March 1998 had already been approved on April 6, 1999.
[4] This is the first time Mr. Singh claimed that he was inspected upon entry to the United States. However, the record does not support the claim of inspection asserted in this application.

US and the asylum application. *Id.* L401. In July 2004, an IJ denied Mr. Singh's application for adjustment of status and both waivers, and ordered deportation to India. Part 3 of 4 R802-790. In November 2005, the Board dismissed Singh's appeal. *Id.* R803. In March 2010, the Board denied a second motion to reopen with the Board. *Id.* R787.

In March 2012, Mr. Singh filed a new application for adjustment of status with the USCIS. Dkt. # 1 (Compl.) ¶ 19, Ex. 1. In April 2012, USCIS denied the application due to lack of jurisdiction. Part 4 of 4 L530. This lawsuit followed the April 2012 decision.

### III. ANALYSIS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.[5] Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

---

[5] Here, the material facts are not in dispute.

"USCIS has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under 8 C.F.R. 1245.2(a)(1)." 8 C.F.R. § 245.2. Section 1245.2(a)(1) provides that for "any alien who has been placed in deportation proceedings or removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has *exclusive jurisdiction* to adjudicate any application for adjustment of status the alien may file." 8 U.S.C. § 1245.2(a)(1)(i) (emphasis added). By contrast, for an "arriving alien who is placed in removal proceedings, the immigration judge does not have jurisdiction to adjudicate any application for adjustment of status filed by the arriving alien," unless the alien satisfies a regulatory exception not applicable to Mr. Singh. 8 U.S.C. § 1245.2(a)(1)(ii).

The regulation defining the terms used in the regulation quoted above defines "arriving alien" as follows:

> The term arriving alien means an applicant for admission[6] coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport. An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked. However, an arriving alien who was paroled into the United States before April 1, 1997, or who was paroled into the United States on or after April 1, 1997, pursuant to a grant of advance parole which the alien applied for and obtained in the United States prior to the alien's departure from and return to the United States, will not be treated, solely by reason of that grant of parole, as an arriving alien under section 235(b)(1)(A)(i) of the Act.

8 C.F.R. § 1001.1(q). Mr. Singh argues that he is an "arriving alien." However, the record before the court demonstrates that Mr. Singh was not an applicant for "admission" because he entered the United States without inspection and without authorization by an

---

[6] Congress has defined the terms "admission" and "admitted" to mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer. *See* 8 U.S.C. § 1101(a)(13)(A).

ORDER- 4

immigration officer.  *See* 8 U.S.C. § 1101(a)(13)(A); *Ortega-Cervantes v. Gonzalez*, 501 F.3d 1111, 1116 (9th Cir. 2007) (plaintiff was not an "arriving alien" within the meaning of 8 C.F.R. § 1001.1(q) because he was apprehended inside the United States after crossing the border illegally).

      Mr. Singh also asserts that he is an arriving alien because he is applying for adjustment of status.  Dkt. # 22 at 2, 8.  The cases Mr. Singh cites for that legal conclusion do not support his claim.  *Id.* at 2 (citing *Matter of Yauri*, 25 I&N Dec. 103 (BIA 2009); *Lawal v. United States Attorney General*, 710 F.3d 1288, 1292 (11th Cir. 2013), and several BIA decisions).  In *Yauri*, the BIA concluded that USCIS had jurisdiction because the applicant was "an arriving alien who [did] not fall within the limited exception that would confer jurisdiction over the application on the Immigration Judge or the Board."  25 I&N Dec. at 107 (citing 8 C.F.R. § 245.2(a)(1)).  Other cases cited by plaintiff do not address whether an applicant is an "arriving alien," and are therefore inapplicable.  *See* Dkt. # 35 at 5-6.  So far as the court is aware, "arriving aliens" are only those aliens who satisfy the definition at 8 C.F.R. § 1001.1(q).

      Because Mr. Singh entered the United States without inspection and without authorization by an immigration officer, he is not an "arriving alien."  Accordingly, the immigration court has exclusive jurisdiction over his application for adjustment of status, and USCIS properly concluded that it had no jurisdiction to consider his application.

## IV. CONCLUSION

      For all the foregoing reasons, the court GRANTS USCIS's motion for summary judgment and DENIES Mr. Singh's motion for summary judgment.  The Clerk is DIRECTED to enter judgment in favor of defendant and against plaintiff, and to terminate all remaining motions.

1  Dated this 19th day of February, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 6